IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTONE L. A. KNOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-12-390-M |
| | ) |
| WADE SCOTT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Antone Knox requested *in forma pauperis* status, and the Court should decline the request and deny leave to proceed without prepayment of the filing fee.

Under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), a prisoner cannot proceed *in forma pauperis* if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Mr. Knox has had three or more dismissals for frivolousness or failure to state a claim on which relief can be granted.[1]

---

[1] *See Knox v. Watts*, Case No. CIV-03-413-W (W.D. Okla. Sept. 9, 2003); *Knox v. Ravitz*, Case No. CIV-97-1440-M (W.D. Okla. Sept. 18, 1998); *Knox v. Aldridge*, 2010 WL 1904004 (E.D. Okla. May 6, 2010) (unpublished op.); *Knox v. Aldridge*, 412 Fed. Appx. 168 (10th Cir. Feb. 14, 2011) (unpublished op.); *Knox v. Burke*, 2012 WL 860398 (W.D. Okla. Mar. 13, 2012) (unpublished op.); *Knox v. Bland*, 2010 WL 3305048 (E.D. Okla. Aug. 20, 2010) (unpublished op.); *Knox v. Bland*, 632 F.3d 1290 (10th Cir. 2011).

The Plaintiff can avoid 28 U.S.C. § 1915(g) upon showing that serious bodily injury is imminent. *See* 28 U.S.C. § 1915(g). But this exception applies only when the allegation of imminent injury is specific and credible. *See Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011). Mr. Knox has not made any specific allegations about a threatened injury or said why the risk might be imminent. *See* Doc. 13 (Mr. Knox's response to a show cause order based on 28 U.S.C. § 1915(g)). The absence of specific allegations is fatal.

The Plaintiff also argues that 42 U.S.C. § 1997e(e) does not prevent relief. But the reference to Section 1997e(e) is irrelevant, as the statutory bar to pauper status lies in 28 U.S.C. § 1915(g) – not 42 U.S.C. § 1997e(e).

Under Section 1915(g), the Court should deny Mr. Knox's request for *in forma pauperis* status and allow the action to proceed only upon payment of the $350.00 filing fee within 21 days of an order adopting the recommendation. *See* Local Civil Rule 3.3(e). If Mr. Knox fails to pay the filing fee within the 21-day period, the Court should dismiss the action without prejudice.[2]

Mr. Knox can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by June 11, 2012. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2). The failure to timely object would foreclose appellate

---

[2] *See Cosby v. Meadors*, 351 F.3d 1324, 1326-33 (10th Cir. 2003) (upholding dismissal of a federal inmate's civil rights complaint based on noncompliance with orders requiring installments on the filing fee or to show cause for the failure to pay).

review of the suggested ruling.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The referral is discharged.

Entered this 24th day of May, 2012.

_____
Robert E. Bacharach
United States Magistrate Judge